UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KAREN O. LEAKS,

        Plaintiff,                CIV. S-02-1729-PAN

    v.

JO ANNE B. BARNHART,          Memorandum of Decision
Commissioner of Social
Security,

        Defendants.

—o0o—

Pursuant to 42 U.S.C. § 405(g), plaintiff requests this court review defendant's decision denying plaintiff disability and supplemental security income benefits.

If the claimant meets eligibility requirements, the Commissioner bases his decision upon a five-step analysis. First, the claimant must not currently be working. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must have a "severe" impairment. 20 C.F.R. §§ 404.1520(c), 416.920(c).

Third, the medical evidence of the claimant's impairment is compared to a list of impairments that are presumed severe enough to preclude work; if the claimant's impairment meets or equals one of the listed impairments, benefits are awarded. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if the claimant can do his past work benefits are denied. 20 C.F.R. §§ 404.1520(e), 416.920(e). Fifth, if the claimant cannot do his past work and, considering the claimant's age, education, work experience, and residual functional capacity, cannot do other work that exists in the national economy, benefits are awarded. 20 C.F.R. §§ 404.1520(f), 416.920(f).

Defendant found plaintiff was eligible, suffered from rheumatoid arthritis but no listed impairment, that plaintiff retained the physical capacity for sedentary work but her medicine mildly limited her capacity to concentrate and maintain persistence and pace, she could perform 70% of available jobs as receptionist, her past work, based on expert vocational evidence she could in addition perform work as a surveillance systems monitor, procurement clerk and employment/claims aide, and she is not disabled.

This court must uphold the Commissioner's determination that a plaintiff is not disabled if the Commissioner applied the proper legal standards and if the Commissioner's findings are supported by substantial evidence. Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 510 (9th Cir. 1987). The question is one of law. Gonzalez v. Sullivan, 914 F.2d 1197,

1200 (9th Cir. 1990).  Substantial evidence means more than a mere scintilla, <u>Richardson v. Perales</u>, 402 U.S. 389, 401, 91 S.Ct. 1427 (1971), but less than a preponderance, <u>Bates v. Sullivan</u>, 894 F.2d 1059, 1061 (9th Cir. 1990).  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  <u>Richardson</u>, 402 U.S. at 401.  The court cannot affirm the Commissioner simply by isolating supporting evidence but must consider the entire record, weighing evidence that undermines as well as evidence that supports the Commissioner's decision.  <u>Gonzalez v. Sullivan</u>, <u>supra</u>, 914 F.2d at 1200.  If substantial evidence supports administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive, <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if the proper legal standards were not applied in weighing the evidence, <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

  Plaintiff claims defendant improperly rejected the evidence of plaintiff's treating physician, failed to credit plaintiff's subjective complaints, and failed to present all of plaintiff's limitations to the vocational expert whose opinion she relied upon.

  On November 2, 2001, plaintiff's treating physician, Dr. Jiras, found that on account of "rheumatoid arthritis affecting all joints, hands, shoulders, hips, knees, ankles" plaintiff could not even occasionally lift ten pounds.  Tr. 235, 238.

Defendant ostensibly based her decision upon Dr. Jiras' opinion but rejected his opinion limiting plaintiff's capacity for lifting and carrying upon the ground she did "not find medical support for the full extent of Dr. Jiras' opined limitations." Tr. 14.  Instead, she credited the opinion of Dr. William Holmes, M.D., an orthopedic specialist who examined plaintiff in November 2000 and found that her subjective complaints were out of proportion to the objective evidence and that she was malingering.  Tr. 198.

The opinion of a treating physician is given deference because "he is employed to cure and has a greater opportunity to know and observe the patient as an individual." Sprague v. Bowen, 812 F.2d at 1230 (citations omitted).  However, the opinion of the treating physician is not necessarily conclusive as to either the physical condition or the ultimate issue of disability.  See Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989); Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n. 7 (9th Cir. 1989).  When a nontreating physician's opinion contradicts that of the treating physician–but is not based on independent clinical findings, or rests on clinical findings also considered by the treating physician–the opinion of the treating physician may be rejected only if the ALJ gives "specific, legitimate reasons for doing so that are based on substantial evidence in the record." Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Magallanes, 881 F.2d at 751, 755 (quoting Sprague, 812 F.2d at 1230).  Opinions of a nonexamining, testifying medical

4

1 advisor may serve as substantial evidence when they are supported
2 by other evidence in the record and are consistent with it.
3 Andrews, 53 F.3d at 1041. "The ALJ can meet this burden by
4 setting out a detailed and thorough summary of the facts and
5 conflicting clinical evidence, stating his interpretation
6 thereof, and making findings." Magallanes, 881 F.2d at 750,
7 (quoting Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986)).
8 Where medical reports are inconclusive, "questions of credibility
9 and resolution of conflicts in the testimony are functions solely
10 of the [Commissioner]. Sample, 694 F.2d at 642 [Sample v.
11 Schweiker, 694 F.2d 639 (9th Cir. 1982)] (quoting Waters v.
12 Gardner, 452 F.2d 855, 858, n. 7 (9th Cir. 1971))." Morgan v.
13 Apfel, 169 F.3d 595, 601 (9th Cir. 1999).

14        Defendant applied the correct legal standard; she pointed
15 to specific evidence not addressed by the treating physician,
16 viz. Dr. Holmes' observation of objective signs of malingering,
17 and on that basis resolved a subtle but important difference of
18 opinion as was her responsibility.

19        Likewise, defendant properly discounted plaintiff's
20 subjective complaints.  When a claimant produces medical evidence
21 of an underlying impairment reasonably likely to be the cause of
22 alleged pain, defendant may not discredit the claimant's
23 allegations of the severity of pain solely on the ground they are
24 unsupported by objective medical evidence; but defendant may find
25 a claimant is not credible for reasons, supported by the record,
26 that assure a reviewing court that a claimant's testimony about

5

1 the limitations imposed by pain is not arbitrary.  <u>Bunnell v.
2 Sullivan</u>, 947 F.2d 341 (9th Cir. 1991).  There  must be specific,
3 cogent reasons for disbelief and without affirmative evidence of
4 malingering the reasons must be  clear and convincing.  <u>Morgan v.
5 Apfel</u>, 169 F.3d at 599.  Dr. Holmes' findings provided ample
6 basis for discrediting plaintiff's allegations.

7      As defendant properly rejected the evidence plaintiff
8 alleged was improperly withheld from the vocational expert, there
9 was no error in relying upon that opinion.

10      For the foregoing reasons the decision is affirmed.

11      So ordered.

12      Dated:  April 25, 2005.

                                    /s/ Peter A. Nowinski
                                   PETER A. NOWINSKI
                                   Magistrate Judge